FILED
SUPERIOR COURT
OF GUAM

2018 FEB -9 PM 1:32

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| JM ROBERTSON, INC. dba AMORIENT ENGINEERING, | ) ) ) | CIVIL CASE NO. CV0955-16 |
| PLAINTIFF, | ) ) | |
| v. | ) ) | |
| STERLING DESIGN, INC. dba STERLING DESIGN CONSTRUCTION | ) ) ) | DECISION AND ORDER RE: PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OR ALTERNATIVELY TO |
| DEFENDANT. | ) ) | CONSOLIDATE CASES |
| STERLING DESIGN, INC. dba STERLING DESIGN CONSTRUCTION | ) ) ) | |
| COUNTERCLAIM-PLAINTIFF, | ) ) | |
| v. | ) ) | |
| JM ROBERTSON, INC. dba AMORIENT ENGINEERING, | ) ) ) | |
| COUNTERCLAIM-DEFENDANT. | ) ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on November 13, 2017 for a hearing on Plaintiff JM Robertson, Inc. dba AmOrient Engineering's ("Plaintiff") Motion to Exclude Evidence ("Motion to Exclude") or Alternatively to Consolidate Cases ("Motion to Consolidate CV0775-16 and CV0955-16). Plaintiff was represented by Attorney Thomas Tarpley. Defendant Sterling Design, Inc. dba Sterling Design Construction ("Defendant") was

represented by Attorney Daniel Berman. At the conclusion of oral arguments, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. Having reviewed the parties' arguments, the record, and the relevant law, the Court now issues this Decision and Order DENYING Plaintiff's Motion to Exclude Evidence and rendering the Motion to Consolidate Cases MOOT.

## BACKGROUND

John M. Robertson ("Robertson") is the majority holder of Plaintiff AmOrient Engineering. Defendant Sterling Design Construction is owned by Michael Wirges ("Wirges"). There are two pending cases before the Superior Court of Guam involving both parties, CV0775-16 *Wirges v. Robertson, et al.*, and CV0955-16 *JM Robertson, Inc. v. Sterling Design, Inc.*

(1) *Wirges v. Robertson, et al.* (CV0775-16):

CV0775-16 is pending before the Honorable Anita A. Sukola ("Judge Sukola"). On September 2, 2016 Wirges filed a complaint for breach of contract against Robertson. On June 16, 2017, Wirges amended the complaint adding claims against Hernan Bonsembiante ("Bonsembiante"). Robertson and Bonsembiante also filed a motion to consolidate CV0775-16 and CV0955-16 before Judge Sukola; which was denied on October 5, 2017.

(2) *JM Roberston, Inc. v. Sterling Design, Inc.* (CV0955-16):

On November 1, 2016, about two months after Wirges filed a complaint against Roberston, Plaintiff filed three claims of breach of contract against Defendant. The complaint alleges:

1) Breach of the May 1, 2015 agreement for plaintiff to provide engineering services for the proposed Guam Medical Arts Center Project, alleging Defendant owes **$111,831.96** for the services it refused to pay;

2) Breach of the April 26, 2016 agreement where Plaintiff agreed to provide engineering services for the proposed CW Holdings-Building #3 Project of Defendant, alleging Defendant owes **$6,130.80** for the services it refused to pay; and

3) Breach of the July, 2015 and July, 2016 agreement where Defendant would travel with Plaintiff to two off-island destinations for exclusive benefit of Defendant. Plaintiff was then to be reimbursed for paying the cost of travel following their return to Guam, but Defendant refused to pay **$4,817.77**.

On November 29, 2016, Defendant filed an answer and counterclaim against Plaintiff in the instant case alleging:

1) Breach of contract since the plans, services, and drawings submitted by Plaintiff were defective and unusable; and

2) Breach of agreement to renovate and share an office space. Defendant seeks damages for both the market value of the services and materials provided for the renovation. And expenses incurred to vacate its office space and later move back to its previously occupied office space when the agreement fell through.

On July 18, 2017, Plaintiff filed the instant Motion to Exclude or to Consolidate CV0775-16 and CV0955-16 before this Court. Defendant opposed the Motion for reasons set forth in its Opposition. *See* Opp. of Sterling Design, Inc. to Plaintiff's Mot. to Exclude Evidence or Alternatively to Consolidate Cases ("Opposition") (Aug. 16, 2017). Plaintiff filed a Reply to the Opposition on September 1, 2017.

At the hearing, the parties informed the Court that CV0775-16 is set for trial the following week. Plaintiff retracted its request and stated that it is no longer seeking for consolidation. Consequently, the Court rendered the Motion to Consolidate CV0775-16 and CV0955-16 MOOT. Nonetheless, Plaintiff continues to request to exclude evidence of the sale of stock in AmOrient Engineering Inc. to Wirges by Robertson (the "sale of stock agreement") arguing that issue is what will be decided in CV0775-16 before Judge Sukola. Defendant

disagreed reasoning that such evidence is necessary to demonstrate its reliance, specifically for its second counterclaim regarding the agreement to renovate and share an office space.

Plaintiff cites to Rule 402 of the Guam Rules of Evidence ("GRE") as his basis for excluding the sale of stock agreement between Wirges and Robertson. Mot. at p. 2. Plaintiff contends that allowing the private dispute between Robertson and Wirges to be tried in two separate court rooms is a waste of judicial resources, would be dupliticious and could lead to contradictory rulings. *Id.* at p. 5.

Defendant states that the parties entered into a long-term lease agreement for space at the KG Plaza in April, 2016. The agreement was for Plaintiff to provide materials and Defendant to provide labor for the renovations. Defendant claims that it agreed upon this arrangement even though it would only occupy 20% of the renovated office space and labor costs would be higher than material costs. Defendant contends it agreed upon these terms "only because it anticipated that Wirges would obtain majority control of [Plaintiff]." *See* Answer and Counterclaims (Nov. 29, 2016). Defendant argues that the "evidence relating to Wirges' claimed right to obtain the controlling interest in AmOrient Engineering is [] relevant to explain why Wirges caused Sterling Design to agree to provide labor for the renovation on non-commercial terms." Opp. at p. 5.

## DISCUSSION

Rule 402 of the GRE provides, "evidence which is not relevant is inadmissible." Rule 401 of the GRE defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 of the GRE allows exclusion of

relevant prejudice if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Guam Supreme Court has opined, "A trial judge has *wide latitude* in the admission or exclusion of evidence where the question is one of materiality or relevancy." *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1, ¶ 64 (quoting *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 773 (9th Cir.1981)(emphasis added); *See also United States v. Brannon*, 616 F.2d 413, 418 (9th Cir.1980)). The "tendency is to leave rulings as to the *illuminating relevance* of testimony largely to the discretion of the trial court that hears the evidence." *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 125 (1974)(emphasis added)).

An interpretation of the identical Rule 402 of the Federal Rule of Evidence also holds that evidence is admissible if it will tend to show that another party's reliance was justified. *See Darling v. Western Thrift & Loan, 600 F.Supp.2d 189* (D. Me. 2009).[1]

The Court disagrees with Plaintiff that allowing evidence of the sale of stock agreement would be "a waste of judicial resources, [] dupliticious and could lead to contradictory rulings." Mot. at p. 5. Unlike in CV0775-16, this Court is not required to determine the enforceability of the sale of stock agreement. Moreover, in CV0955-16, the Defendant seeks reliance damages on the agreement to renovate and share an office space. The Court, therefore, finds that evidence of the sale of stock agreement is relevant to show whether Defendant's reliance on Plaintiff's representations were justified.

---

[1] In *Darling v. Western Thrift & Loan*, the court held the Homeowners' statement of fact in a summary judgment affidavit that they thought that mortgage broker's employee instead worked for lender was relevant in deciding broker's motion for summary judgment on homeowners' fraud claim against broker; if true, it tended to make it more probable that homeowners' reliance on employee's representations was justified.

Notwithstanding the parties' failure to argue the prejudicial effect of allowing or excluding the sale of stock agreement, the Court does not find exclusion of such evidence is warranted by Rule 403.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Plaintiff's Motion to Exclude Evidence of the sale of stock agreement.

SO ORDERED      **FEB 09 2018**      .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman O'Connor & Mann
T. Tarpley
Date: 2·9·18  Time: 1:40pm

Deputy Clerk, Superior Court of Guam